## CHARLES N. YEAMANS *vs.* COUNTY OF HAMPDEN.

On the trial by a jury of a petition under the Gen. Sts. *c.* 43, §§ 19, 20, for the revision of the location of a highway on the petitioner's land, the legality and regularity of the proceedings of the county commissioners are to be assumed by the jury; and evidence of prior proceedings in regard to the same highway, and prior highways, and other ways in the vicinity, is immaterial, except so far as it tends to prove the extent and character of the use of the way in question, as bearing upon the question of the alteration sought for.

PETITION under the Gen. Sts. *c.* 43, §§ 19, 20, to the county commissioners of Hampden, for a jury to revise the location on the petitioner's land of a highway in Westfield. The alteration sought for was a reduction of the width of the way and a change of its position eastward. The verdict of the jury was set aside by the superior court on the petitioner's exceptions to rulings of the officer who presided at the trial; and the respondents appealed. The case is stated in the opinion.

*M. B. Whitney*, (*W. G. Bates* with him,) for the petitioner.

*G. M. Stearns & N. T. Leonard*, for the respondents, were not called upon.

CHAPMAN, C. J. It appears that a petition was presented to the county commissioners to locate anew a highway in Westfield, running over the petitioner's land from low water mark, on the north side of Great River, to the Pochassic road near the Boston and Albany Railroad. The road was located, and the petitioner has applied for a jury to revise the location, but not to assess damages.

The power which the statute gives to such a jury is very limited. By the Gen. Sts. *c.* 43, § 20, "such jury shall not revise the judgment of the commissioners as to the common convenience and necessity of laying out or altering the way in question; but they may make any alterations that are prayed for between the termini as established, so far as they think them necessary or proper." This implies that the regularity and legality of the proceedings of the commissioners are to be assumed by them, and that all evidence relating thereto is irrelevant. It also renders all prior proceedings in regard to the same highway and prior highways, and other ways in the vicinity, immaterial, except so

far as they tend to prove the extent and character of the travel over the way in question, as bearing upon the question what width it needs to have.

At the hearing before the jury, under the direction of a person appointed to preside at the trial, a great amount of evidence was introduced in regard to former proceedings in laying out this and other roads, repairs made upon the same, the use made of the several roads, discontinuances and abandonments thereof; and requests were made for instructions as to some of these matters. The instructions which were given were at least as favorable to the petitioner as he had a right to ask; all the evidence offered that could bear upon the question whether the width of the road ought to be diminished was admitted; and much of the evidence admitted, and all that was rejected, was immaterial to the only issue which the jury were to try. The verdict was that no alteration was necessary or proper; and no reason appears why it should not be accepted. *Verdict accepted.*